[Cite as *State v. Neal*, **2011-Ohio-1502.**]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | Julie A. Edwards, P.J. |
|  | : | W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : | Case No. 10CAA050036 |
|  | : |  |
|  | : |  |
| TERRY NEAL | : | O P I N I O N |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:        Criminal Appeal from Delaware
                                County Court of Common Pleas Case
                                No. 09 CRI 05 249

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         March 22, 2011

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

DAVID YOST                          LINDA K. KENDRICK
140 N. Sandusky Street              94 North Sandusky Street, Suite 2
Delaware, Ohio  43015               Delaware, Ohio  43015

*Edwards, P.J.*

{¶1}   Defendant-appellant, Terry Neal, appeals his sentence from the Delaware County Court of Common Pleas on one count of nonsupport or contributing to the nonsupport of dependents. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On May 8, 2009, the Delaware County Grand Jury indicted appellant on one count of nonsupport or contributing to the nonsupport of dependents in violation of R.C. 2919.21(A)(2), a felony of the fourth degree, and one count  of nonsupport or contributing to the nonsupport of dependents in violation of R.C. 2919.21(B), also a felony of the fourth degree. That indictment indicated that appellant previously had been convicted of or pleaded guilty to felony nonsupport.  At his arraignment on August 13, 2009, appellant entered a plea of not guilty to the charges.

{¶3}   Thereafter, on August 26, 2009, appellant withdrew his former not guilty plea and entered a plea of guilty to nonsupport or contributing to the nonsupport of dependents in violation of R.C. 2919.21(A)(2).  As memorialized in a Judgment Entry filed on August 27, 2009, the remaining count was dismissed. Sentencing was scheduled for November 23, 2009, but was later continued to February 8, 2010.

{¶4}   After appellant failed to appear on February 8, 2010, a warrant was issued for his arrest. A sentencing hearing was later scheduled for April 8, 2010. Pursuant to a Judgment Entry filed on April 12, 2010, appellant was sentenced to 18 months in prison.

{¶5}   Appellant now raises the following assignment of error on appeal:

{¶6}   "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ARBITRARILY SENTENCED DEFENDANT TO THE MAXIMUM SENTENCE."

I

{¶7} Appellant, in his sole assignment of error, argues that the trial court abused its discretion when it sentenced him to the maximum sentence. We disagree.

{¶8} In *State v. Foster,* the Supreme Court of Ohio, in striking down parts of Ohio's sentencing scheme, held "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus.

{¶9} Thus, an appellate court reviews felony sentences for an abuse of discretion. *Id.* An abuse of discretion implies the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying an abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. See *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 1993-Ohio-122, 614 N.E.2d 748.

{¶10} As is stated above, appellant entered a plea of guilty to one count of nonsupport or contributing to the nonsupport of dependents. Appellant, who as of February 1, 2010, owed over $60,000.00 in child support, failed to appear at the sentencing hearing scheduled for February 8, 2010. The sentencing hearing originally had been scheduled for November 23, 2009, but had been continued until February 8, 2010, so that appellant could start a job and begin making child support payments.

**{¶11}** At the sentencing hearing in this case on April 8, 2010, the prosecutor indicated that appellant, who had a prior charge of felony nonsupport, had not paid a dime and that the only time that a payment had been received was when appellant was in prison. The trial court, in sentencing appellant to the maximum sentence of 18 months, stated, in relevant part, as follows:

**{¶12}** "Quite frankly your record, the fact that the Court attempted to give you an extended sentence so you could prove yourself by getting a job, the fact that you blew the Court off, you made no payments except the last time you were in prison, the Court feels that the maximum sentence is appropriate. You will serve the maximum sentence." Transcript at 9. The trial court, in its April 12, 2010, Judgment Entry, noted that appellant had a lengthy criminal record and was not employed. The trial court further indicated that it had considered the purposes and principles of sentencing as required by R.C. Section 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12.

**{¶13}** Based on the foregoing, we find that the trial court did not err in sentencing appellant to the maximum sentence. The trial court's decision was not arbitrary, unconscionable or unreasonable.

**{¶14}** Appellant's sole assignment of error is, therefore, overruled.

**{¶15}** Accordingly, the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Edwards, P.J.

Gwin, J. and

Delaney, J. concur

_____

_____

_____

JUDGES

JAE/d1124

[Cite as *State v. Neal*, 2011-Ohio-1502.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                              :
                                          :
       Plaintiff-Appellee        :
                                          :
                                          :
-vs-                                      :          JUDGMENT ENTRY
                                          :
TERRY NEAL                                :
                                          :
       Defendant-Appellant       :          CASE NO. 10CAA050036


    For the reasons stated in our accompanying Memorandum-Opinion on file, the

judgment of the Delaware County Court of Common Pleas is affirmed.  Costs assessed

to appellant.


                              _____


                              _____


                              _____

                                    JUDGES